**Ben F. Cox, Appellant, v. Margaret E. Snyder, Appellee.**

**Gen. No. 7,988.**

1. WILLS—*devise to life tenant subject to payment of portion of rents received from premises as requiring accounting for net rental only.* Under a devise to the testator's wife for life, subject to the payment by her to the testator's son, annually during her life, of one-third of the rents received by her from the premises, it was the duty of the devisee of the life estate to first pay the taxes and any other legal and necessary expense chargeable out of the income and proper to be paid by the life tenant before she received any of the rents from the premises under the terms of the will, and then to pay to the holder of the reversionary interest the proportion of the net rents received in accordance with the terms of the will.

2. EQUITY—*when bill properly dismissed for want of equity although complainant entitled to relief other than that asked.* Where a bill to construe a will averred a refusal of the defendant to account to the complainant for one-third of the gross rents of the premises, and the will, properly construed, required defendant to account only for one-third of the net rents, a decree dismissing the bill for want of equity was proper.

Appeal by plaintiff from the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed July 1, 1926.

CRAIG & CRAIG, for appellant.

VAUSE & KIGER, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

William L. Snyder of Douglas county, Illinois, died testate September 9, 1913, leaving surviving him his widow, Margaret E. Snyder, the appellee, and a daughter, Anna E. McFaull, and a son, Ervin L. Snyder. The fourth paragraph of his will provides:

"FOURTH. I give and devise to my said wife the northwest quarter of section thirty-two (32) in town-

ship fifteen (15) north, range eight (8) east of the Third Principal Meridian, situated in the County of Douglas and State of Illinois, to have and to hold the same during her natural life, subject to the payment by her to my said son, annually during her life, of one-third (⅓) of the rents received by her from said premises, from and after the date on which as devisee of this will, she will receive the rents from the real estate devised to me by my said father.''

The reversion in fee in the lands described in paragraph four was devised to the son, Ervin L. Snyder, by the sixth clause of the will. On June 26, 1919, Ervin L. Snyder conveyed his reversionary interest to appellant and on April 30, 1920, Ervin L. Snyder assigned to appellant all his interest in the rents described in paragraph four of the will.

Appellant, at the March term, 1925, of the Douglas circuit court, filed his bill in equity to obtain a construction of paragraph four of the will. An amended bill was filed in September, 1925, to which appellee demurred. Appellant there contended and urges here that the words ''one-third of the rents'' in paragraph four of the will should be construed and interpreted to mean ''gross rents.'' Appellee's contention was and is that these words should be construed and interpreted to mean rents after deduction for taxes, repairs and insurance. The testator, William L. Snyder, left other property, an additional 160 acres of land and a house and lot in the city of Arcola in which the widow, Margaret E. Snyder, was to have the life estate, reversion in fee to the daughter, Anna E. McFaull.

Appellant elected to stand on his amended bill and refused to plead further. The chancellor thereupon entered a decree dismissing the amended bill for want of equity and appellant appealed to this court.

It is necessary first to determine the nature and character of the estate in Margaret E. Snyder, which

is made: "Subject to the payment by her to my said son, annually, during her life, of one-third of the rents received by her from said premises," etc. It is a life estate, "but the tenant for life is, in such case, an implied or *quasi* trustee for the remainderman, and a court of equity can enjoin him from injuring the inheritance." Perry on Trusts (6th Ed.) section 540. The rule is laid down by the same author (section 527): "Where trustees are in possession and have the management of the estate, they must pay all rates and taxes, and protect the estate from tax sales; they may, therefore, insure and good management would demand it, but they are not bound to do so. Where they have the management, they must use due diligence in collecting rents. If they are directed to accumulate the rents, or to receive them for any other purpose, they will become personally liable if they allow the tenants to fall in arrear, and a loss is thus imposed upon the estate."

As between tenant for life and the remainderman, "The ordinary taxes and expenses in the care and management of the capital are charges on the life estate to be paid out of the income." Perry on Trusts, *supra* (section 554). A life tenant, enjoying the income of property must keep it free from incumbrance by paying the ordinary yearly taxes, and a trustee must pay such taxes out of the income of the property taxed. *Hagan v. Varney,* 147 Ill. 281. It appears, therefore, that the interest of Margaret E. Snyder in the lands described in the fourth paragraph of the will, is the rents, issues and profits of said lands, after deducting the taxes and the other charges proper to be paid by the life tenant or *quasi* trustee. It is this estate that is made subject to the payment of one-third "of the rents received by her from said premises." It might well be contended that the life tenant received no rents or no rents, issues and profits until the taxes and other proper charges were fully paid.

But it is sought in this case to subject the life tenant to a personal charge to pay one-third of the *"gross rents,"* not contemplated by the rules of life tenancy, and not so written in the devise. It becomes important to consider just what the word "rent" means in this devise and the constructions given to it by law. "Rent" as a noun is defined: "A profit out of lands and tenements." (34 Cyc. 1333; *Rouse v. Catskill & N. Y. Steam-Boat Co.*, 59 Hun 80, 13 N. Y. Supp. 126); as a verb, "to grant the right to occupy lands, paying a certain sum therefor." (34 Cyc. 1333; *Rouse v. Catskill, etc. Steam-Boat Co., supra.*) Bouvier has defined rent as: "A certain profit in money, provisions, chattels or labor, issuing out of lands and tenements, in retribution for the use." Bouvier further defines rent: "A rent somewhat resembles an annuity. Their difference consists in the fact that the former issues out of lands and the latter is a mere personal charge." And upon this definition of rent clause four of the will may be said to partake partly in rent and partly in annuity, if we concede appellant's construction to the clause. Blackstone, vol. 2, p. 40, defines rent: "The word rent or render, *reditus,* signifies a compensation or return, it being in the nature of an acknowledgement given for the possession of some corporeal inheritance. It is defined to be a certain profit issuing yearly out of lands and tenements corporeal. It must be a *profit;* yet there is no occasion for it to be, as it usually is, a sum of money; for spurs, capons, horses, corn, and other matters may be rendered, and frequently are rendered, by way of rent. It may also consist in services or manual operations; as to plow so many acres of ground, to attend the king or the lord to the wars, and the like. * * * This *profit must also be certain;* or that which may be reduced to a certainty by either party." This question of certainty is amplified in *McFarlane v. Williams,* 107 Ill. 39. From the uncertainty, in the amount

of rent to be paid and the language of the fourth paragraph, it cannot be construed as a reservation of rent to be paid by the life tenant to the son (36 C. J. p. 286, § 1039), and that was not the intent of the testator. The nature of rent is defined in Corpus Juris, vol. 36, p. 288, ¶ 1048 as follows:

"Rent or more accurately, the right to an unaccrued rent, is a species of incorporeal hereditament and is to be classed as real, as distinguished from personal property. It is an *interest* or *estate in land* which may be the subject of a grant or devise. Until separated from the reversion, *it constitutes a part of the land* and *passes as incident to a transfer of the reversion.* Rents which have become due constitute mere choses in action and are personal property."

This right, or incorporeal hereditament, under paragraph four in the will, passed by the conveyance from Ervin L. Snyder of the reversion to appellant. This nature of rents to accrue as an interest in lands has been passed upon by the Supreme Court in this State in *Scully v. People,* 104 Ill. 351: "The lands themselves were all the while taxed. In the valuation of the land itself for taxation there would be included in it, as an element, the value of the use of the land. The rent is but a representative of the use of the land, and taxing such rent against the owner of the land before it has accrued due, and during the same time the land is taxed, appears to be taxing a thing which was covered by the taxation of the land. Rent is defined as a certain profit issuing yearly out of land; and while accruing due to the land owner, is it not embraced in such year's valuation, assessment and taxation of the land? Had the owner himself personally used and enjoyed the land, it would not be thought such use and enjoyment would be taxable aside from, and in addition to the land. Rent arrear is a chose in action, and would be taxable as a credit; but rent to grow due is a part of the land,—is an in-

cident to it,—and passes as such to a grantee, by a grant of the land.''

From these authorities it is plain that the term "rents" used in the will was used as a noun, and had reference to a profit out of the lands and tenements and that the term was not used as a verb, referring to any particular renting, leasing, or letting of the lands. It is further plain, under the law in Illinois, that the provision in the will constitutes an interest or estate in lands to the extent of all unaccrued rents, which interest should equitably bear its just proportion of the taxes, repairs and necessary charges of the trustee, the same as the interest willed and devised to Margaret E. Snyder, appellee, which, for aught we can see, would be in proportion to the division of rents under the will. Appellee is the life tenant, subject to all the obligations and entitled to all the rights and privileges of a life tenant. In addition, appellee is the trustee of appellant's interest in the life estate of said lands, and it is the duty of appellee, out of the income from said lands, to first pay the taxes and any other legal and necessary expense chargeable out of the income and proper to be paid by the life tenant before she receives any rents from said premises under the terms of the will.

Appellant contends that in any event the allegations of the bill and the prayer entitle appellant to an accounting. The only charge in the bill as to withholding rents is that appellee has withheld the gross rents and refuses to account to appellant for one-third of the gross rents. This appellee is not required to do.

Finding no error in the judgment of the circuit court of Douglas county, that judgment is affirmed.

*Affirmed.*